260 P.2d 1109

**BROOKS SHOE MFG. CO. v. DENTON.**

No. 5650.

Supreme Court of New Mexico.

Sept. 11, 1953.

Ernest F. Lokey, Smith & Smith and Fred C. Tharp, Clovis, for appellant.

Dee C. Blythe, Clovis, for appellee.

McGHEE, Justice.

The plaintiff recovered judgment against the defendant for $831.10 covering a ship-

ment of football shoes ordered by the latter from a broker's agent, the order having been placed by Bob Berg, manager of the sporting goods department of the defendant's store in Clovis, New Mexico.

The shoes were caught in the Kansas City flood of 1951 while enroute to the defendant, and because of their condition, all but twelve pair were destroyed on orders of the Health Department at Amarillo, Texas.

At the time the order was taken the broker's agent, as was his custom, made a memorandum thereof in his notebook and wrote up the formal order that night, for shipment by best route, mailing one copy thereof to the defendant and the other to his employer. There were two other orders given the broker by such manager at the time the shoes were ordered, but they were for goods to be furnished by other concerns. These latter orders were accepted and paid for by the defendant without question, but he refused to pay for the football shoes. He did, however, admit at the trial he was liable for the twelve pair forwarded from Amarillo and accepted by him.

Berg had succeeded another as manager of the sporting goods department from whom the salesman had formerly taken orders for goods which were received and paid for by the defendant without question.

As a defense the defendant asserted Berg was not authorized to order anything which he, the defendant, had not theretofore specifically authorized to be purchased; that he had not authorized the purchase of the shoes in question; that he had directed his bookkeeper not to accept the twelve pair of shoes, and that they were accepted from the carrier and the freight paid thereon by another employee through inadvertence; that although claim had been filed in defendant's name by a reputable attorney not now in the case against the forwarding agency for the loss of the shoes because of the flood, such action was unauthorized, and that he had merely authorized an employee to hire such attorney to represent him in the claim made by the plaintiff. He likewise denied receipt of the formal order mailed by the broker's agent, as well as the acceptance of the order by the plaintiff for fall delivery. He did not assert the lack of Berg's authority for a year after the order was taken, although the plaintiff had made repeated attempts to collect for the shoes, and after his own claim for the flood damage had been rejected.

The trial court found Berg had both actual and apparent authority to order goods on behalf of the defendant; that the goods had been delivered to a common carrier

properly packed for shipment to the defendant at Clovis, and that the failure of the shoes to arrive there was not due to the negligence of the plaintiff, but to the flood in Kansas City.

■ There is no claim the order for the shoes had been countermanded before they were delivered in due season to the carrier at Philadelphia, Pennsylvania. The complaint alleged the plaintiff accepted the order and approved it at its office in Philadelphia, and this allegation was admitted by failure to deny it in the answer, so the claim of the defendant that it was not accepted by the plaintiff is unavailing. The conclusion of the trial court that delivery to the carrier f. o. b. Philadelphia constituted delivery to the defendant was correct. 46 Am.Jur. (Sales) sec. 172.

■ The record in this case gives strong support to our rule of giving proper weight to the findings of fact of the trial court when it hears the testimony of the witnesses appearing before it.

The judgment will be affirmed with costs and the cause remanded to the District Court to render judgment against the sureties on the supersedeas bond, and It Is So Ordered.

SADLER, C. J., and COMPTON, LUJAN and SEYMOUR, JJ., concur.